UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESTHER MATTHEWS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4784** |
| **NATIONAL GENERAL INSURANCE** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court in this first-party-insurance case is Defendant National General Insurance Company's motion[1] for summary judgment. Defendant contends that it is entitled to summary judgment dismissing Plaintiff Esther Matthews's breach-of-insurance-contract and bad-faith claims because it did not underwrite or issue the insurance policy that forms the basis of those claims. The motion was noticed for submission on December 27, 2023;[2] Plaintiff's response was due on December 19, 2023. *See* LOCAL CIVIL RULE 7.5. Over seven months have passed, and Plaintiff has failed to file a response.[3] So, the Court considers the motion unopposed.

---

[1] ECF No. 8.
[2] ECF No. 8-3.
[3] *See* Docket, *Matthews v. Nat'l Gen. Ins.*, No. 23-CV-4874 (E.D. La.) (July 25, 2024).

The unopposed motion has merit. This dispute arises from Plaintiff's claim that Defendant failed to timely and adequately pay proceeds allegedly due under an insurance policy for damage that Plaintiff's property—located at 1608 Bayonne Drive, LaPlace, Louisiana 70068[4]—suffered during Hurricane Ida.[5] As relevant here, Plaintiff alleges that Defendant breached the insurance policy and violated statutory duties to adjust Plaintiff's claim in good faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[6] Defendant now moves for summary judgment on the ground that it did not issue or underwrite an insurance policy to Plaintiff.[7]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[W]here the nonmovant bears the burden of proof at trial," as Plaintiff does on her breach-of-contract and bad-faith claims here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

---

[4] ECF No. 1 at ¶ 8.
[5] *See, e.g., id.* at ¶¶ 37–41.
[6] *Id.* at ¶¶ 37–39 (breach of contract); ¶¶ 40–41 (bad faith).
[7] ECF No. 8-2 at 2–4.

Defendant is entitled to summary judgment. Plaintiff's breach-of-contract claim "requires that the parties have a contractual relationship." *Regions Ins., Inc. v. All. CAB Serv., LLC*, 2019-0714, p. 5 (La. App. 4 Cir. 3/4/20); 293 So. 3d 1218, 1222 (internal citation and quotation marks omitted). And Plaintiff's bad-faith claims require a contract of insurance with Defendant, *see* LA. STAT. ANN. § 22:1892(A)(1) (imposing duties on "insurers issuing any type of contract" under which "any claim [is] due any insured"), or an insurer–insured relationship with Defendant, *see* LA. STAT. ANN. § 22:1973(A) (delineating duties "[a]n insurer . . . owes to his insured").

Defendant "point[s] to an absence of evidence" establishing a contractual or insurer–insured relationship between Plaintiff and Defendant with respect to insurance coverage for the damage Plaintiff's property allegedly suffered during Hurricane Ida.[8] *Lindsey*, 16 F.3d at 618 (citations omitted). Defendant's "claims handler" attests that Defendant "did not issue or underwrite a policy of insurance to [Plaintiff] or for the property at 1608 Bayonne Drive, LaPlace, Louisiana 70068 for dates encompassing the date of landfall in Louisiana of Hurricane Ida on or about August 29, 2021."[9] The burden thus shifts to Plaintiff to "demonstrat[e] by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey*, 16 F.3d at 618 (internal citations omitted). Plaintiff fails to carry that burden because Plaintiff fails to present summary-judgment evidence establishing a contractual or insurer–insured relationship with Defendant. So, there is no genuine dispute as to the absence of a contractual or insurer–insured relationship between

---

[8] ECF No. 8-2 at 1–4.
[9] ECF No. 8-4 at ¶ 2.

Plaintiff and Defendant. And because there is no contractual or insurer–insured relationship between Plaintiff and Defendant, Defendant is entitled to judgment as a matter of law dismissing Plaintiff's breach-of-contract and bad-faith claims.

Accordingly,

**IT IS ORDERED** that Defendant's unopposed motion[10] for summary judgment is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 25th day of July, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[10] ECF No. 8.